```
             IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      HOT SPRINGS DIVISION
```

**DARLENE DAVIS**                                                    PLAINTIFF

       v.        Civil No. 09-6015

**PARC MAGIC SPRINGS, LLC
d/b/a MAGIS SPRINGS and
CRYSTAL FALLS**                                                      DEFENDANT

<u>MEMORANDUM OPINION</u>

Now on this 1st day of February, 2010, comes on for consideration **Parc Magic Springs, LLC's Motion For Summary Judgment** (document #13), and from said motion, to which no response has been filed, the Court finds and orders as follows:

1. In this personal injury case, plaintiff alleges that a bench in defendant's amusement park ("Magic Springs") broke while plaintiff was sitting on it, causing her to fall and sustain injuries. Specifically, plaintiff alleges that on or about July 18, 2008, while visiting the park, she was "sitting on a bench located inside the park when a screw failed and came loose causing the bench to collapse causing the Plaintiff [to] fall backward."

Defendant denied the material allegations of the Complaint, and after a period of discovery moved for summary judgment. Plaintiff has not responded, although the time for response has long since passed. The Court has, by separate order, denied plaintiff's Motion For Extension Of Time To Respond To Summary Judgment, and now takes up defendant's Motion For Summary Judgment.

2. Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows

that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**.  Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.  **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**.  The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute;  however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute.  **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, **838 F.2d 268 (8th Cir. 1988)**.

    3.  Pursuant to **Local Rule 56.1**, defendant filed a statement of facts which it contends are not in dispute. Because plaintiff did not controvert the facts set forth in that statement, those facts are deemed admitted under **Local Rule 56.1**.  From the statement, the following significant undisputed facts are made to appear:

    \*   Defendant has several red metal benches in its amusement park, which are maintained on a regular basis.

    \*   All these benches undergo a thorough overhaul on an annual basis.  If repairs are necessary, Magic Springs makes the repairs; if repairs are not possible, Magic Springs discards the bench.

    \*   During the course of the season at Magic Springs, maintenance staff visually inspect the benches multiple times per

week.

* Plaintiff testified by deposition that on July 18, 2008 -- the date on which she alleges the bench gave way under her -- the bench appeared to her to be in good condition.  If it was broken, it was not easy to tell that it was broken.

* On July 18, 2008, Magic Springs was unaware of a loose screw or any other condition that made the bench defective.

* After the maintenance department at Magic Springs was notified that an accident had occurred, Leon Jorgensen, Assistant Maintenance Manager and Facilities Manager, inspected the bench.  When he arrived, the bench was fully intact and appeared to be in good working order.  No nuts or bolts were missing, and it did not appear to Jorgensen that the bench had been recently bent or broken or involved in an accident of any sort.

* Jorgensen took the bench to the maintenance department, and inspected it there, but still found nothing wrong with it.  No nuts or bolts were missing -- the bench was fully intact and in good working order.

The foregoing facts are supported by the Affidavit of Leon Jorgensen.

4. Under Arkansas law, "a property owner has a general duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees."  However, a property owner "is not an insurer of the safety of invitees on his premises, but his liability to an invitee must be based upon negligence." **Kroger Co. v. Smith**, 93 Ark. App. 270, 274, 218 S.W.3d 359, 362 (Ark.

**App. 2005).**

Negligence is the failure to do something a reasonably careful person would do, or the doing of something a reasonably careful person would not do.  **AMI 302.**  The uncontroverted evidence here is that defendant maintained its benches on a regular and systematic basis, and had no reason to know there was a loose screw in the bench.  Under these circumstances, even if there were a loose screw in the bench, there was no evidence of negligence on the part of the defendant.  For this reason, the Court finds that defendant's motion is good, and it will be granted.

**IT IS THEREFORE ORDERED** that **Parc Magic Springs, LLC's Motion For Summary Judgment** (document #13) is **granted**.  Judgment in favor of defendant will be entered by separate order.

**IT IS SO ORDERED.**

   /s/ Jimm Larry Hendren
   **JIMM LARRY HENDREN**
   **UNITED STATES DISTRICT JUDGE**